UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
RAYMOND ARSENEAULT and
SANDRA ARSENEAULT                         Chapter  7

            Debtors                     Case No.  08-20164

RAYMOND ARSENEAULT and
SANDRA ARSENEAULT

           Movants

       v.                                          Re:  Doc. I.D. No. 23

Marlene Kissel

           Respondent

APPEARANCES:

Joel M. Grafstein, Esq.
Grafstein and Associates
10 Melrose Drive,  Farmington, CT 06032
Counsel for Debtors

Anthony Alan Sheffy, Esq.
Sheffy, Mazzaccaro, DePaolo & DeNigris, L.L.P.
166 North Main Street,  Southington, CT 06489
Counsel for Respondent

**BRIEF MEMORANDUM AND ORDER ON AMENDED MOTION
TO AVOID LIENS AS IMPAIRING HOMESTEAD EXEMPTION**

**I.  INTRODUCTION**

In the above-captioned matter Raymond Arseneault ("the Debtor") and Sandra Arseneault (together "the Debtors") seek to avoid pursuant to 11 U.S.C. § 522(f) a judgment lien held by Marlene Kissel ("Kissel") upon the Debtors' residence.  For reasons

set forth hereinafter, the motion shall be granted.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(K), (O).

## III. BACKGROUND

The following findings of fact are derived from the Court's examination of the testimonial and documentary evidence adduced at trial and from the Court's record of the captioned bankruptcy case, of which it takes judicial notice.

The Debtors, on January 31, 2008 ("the Petition Date"), commenced the captioned bankruptcy case by jointly filing a voluntary petition under Chapter 7 of the Bankruptcy Code and received a discharge on May 6, 2008. As of the Petition Date, the Debtors jointly owned a parcel of real property located at 146 Emily Lane, Bristol, Connecticut ("the Property"), at which they resided. In their amended bankruptcy schedules, filed on March 7, 2008, the Debtors indicated the value of the Property as $205,077.81, and claimed a homestead exemption under §522(d)(1) of $30,000.00. The Property, as of the Petition Date, was subject to the following encumbrances:

    a.    a first mortgage ("the Mortgage") (Exh. C) to Mortgage Electronic Registration Systems, Inc, as nominee for Countrywide Home Loans, Inc., recorded, on April 26, 2005, at Volume 1617 Page 150 of the Bristol Land Records; as of the Petition Date the mortgage note had an outstanding balance of $196,681.56;

    b.    a writ of attachment (Exh. E) in the amount of $10,000.00 in favor of Kissel, recorded, on November 30, 2006, at Volume 1711 Page 860 of the Bristol Land Records; and

    c.    a judgment lien (Exh. F) in the amount of $37,500.00 in favor of Kissel, recorded, on November 7, 2007, at Volume 1756 Page 93 of the Bristol Land Records.

The Debtors, on April 28, 2008, filed a motion, Doc. I.D. No. 16, pursuant to Bankruptcy Code §522(f), amended on May 12, 2008 ("the Motion"), Doc. I.D. No. 23, seeking to avoid Kissel's judgment lien as impairing the Debtors' homestead exemption. After due notice, the Court held a hearing on September 23, 2008 at which it received documentary evidence and heard the testimony of the Debtor and Kissel. Kissel, on the day of the hearing, filed her written objection, Doc. I.D. No. 34, to the Motion.

### III. DISCUSSION

Bankruptcy Code § 522(f) permits a debtor to avoid the fixing of a judicial lien on a debtor's property, stating, in relevant part:

> (f)(1)  Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)
>               ****
> 2)(A)  For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
> (I) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. §522(f).

Kissel urges the Court to deny the motion arguing (1) that the judgment lien was obtained by fraud since, at the time the parties entered into the stipulated judgment entered

by the state court, the Debtors were contemplating bankruptcy and were aware that their judgment debt might be discharged; and (2) that the Debtors' equity in the Property exceeds their exemption. The Court finds the first argument unavailing. The only judicial liens excepted from the scope of §522(f)(1) are those securing "a debt of a kind that is specified in section 523(a)(5)," i.e., a debt "for a domestic support obligation." Kissel's judgment lien, which did not arise out of any such obligation, is thus within the purview of §522(f)(1)'s lien avoidance provisions. Furthermore, the following excerpt from the transcript of the state court proceedings clearly indicates that the possibility of the Debtors' bankruptcy and its effect on a judgment was raised prior to entry of the judgment. Kissel's attorney, who represented her in both the state court and the bankruptcy court proceedings, explained, on the record, that if the Debtors filed bankruptcy, their judgment debt to Kissel could be "wiped away" :

| | |
|---|---|
| THE COURT: | And understanding this fully you've entered into the agreement on advice of counsel and fully understanding your obligations and benefits? |
| MS. KISSEL: | Yes, I do. |
| THE COURT | Okay. |
| MR. SHEFFY | One other thing I'd like to make sure you're clear on the record, and I've explained to Marlene [Kissel] that none of this prevents the defendants [the Debtors] from, if they're forced to, filing bankruptcy, and her judgment is subject to that. Should they be forced into that position, then her judgment may be susceptible to being wiped away, and we all understand that in entering into this agreement. |
| THE COURT: | Okay. |

(Exh. J at 3-4.)

As to Kissel's second argument, the Debtors provided evidence that their equity in the Property was less than the amount of their homestead exemption. The Debtor testified credibly that the value of the Property as of the Petition Date was $205,077.81, the value

stated in the amended Schedule A to the bankruptcy petition.  The Debtors also put into evidence a copy of a real estate appraisal valuing the Property at $150,000.00 as of July 31, 2008.  Kissel proffered no evidence as to the value of the Property nor any grounds for disputing the accuracy of the Debtors' evaluation.

The Court hereby finds, as a finding of fact, that the value of the Property, as of the Petition Date, did not exceed $205,071.81.  Because, as of the Petition Date, the $226,681.56 sum of (a) the outstanding mortgage balance of $196,681.56 and (b) the Debtors' homestead exemption of $30,000.00 exceeded the $205,071.81 value of the Property, the Court concludes that Kissel's lien impairs the Debtors' exemption and may be avoided in its entirety.

## V. CONCLUSION

In accordance with the forgoing discussion, an order shall enter simultaneously herewith granting the Debtors' motion and avoiding Kissel's judgment lien and attachment in their entirety.

Dated: February 2, 2009                                    BY THE COURT


                                                           Albert S. Dabrowski
                                                           Chief United States Bankruptcy Judge